# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ANA RIVERA RODRIGUEZ, | * | No. 21-865V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: August 12, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Roberto E. Ruiz-Comas, RC Legal and Litigation Services LLC, Guaynabo, PR for
petitioner;
Madelyn Weeks, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Anna Rivera Rodriguez alleged that the influenza vaccination she received
on February 9, 2018 caused her suffer from an acute myocardial infarction.  Pet.,
filed Feb. 4, 2021.  On August 2, 2024, Ms. Rodriguez moved for a decision
dismissing her petition.

## I.   Procedural History

Mr. Rodriguez filed a petition for compensation on February 4, 2021,
alleging that the flu vaccine she received on February 9, 2018 caused her to suffer

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case,
it must be made publicly accessible and will be posted on the United States Court of Federal
Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal
Management and Promotion of Electronic Government Services). This means the decision will
be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the
parties have 14 days to identify and move to redact medical or other information, the disclosure
of which would constitute an unwarranted invasion of privacy. Any changes will appear in the
document posted on the website.

from an acute myocardial infarction.  Ms. Rodriguez filed various medical records.
During a status conference on November 4, 2021, it was noted that some of the
records were handwritten and some were in Spanish.  See Order, issued Jan. 14,
2022.  Ms. Rodriguez stated that she intended to file a transcription and an English
translation of the records.  Id.

Ms. Rodriguez moved for authorization to issue a subpoena for a
transcription of one of the handwritten records on December 2, 2021.  After she
filed this record, the Secretary noted that the record from Ms. Rodriguez's
cardiologist Dr. Humberto Simonetti had illegible handwritten portions.  See
Order, issued April 20, 2022; Exhibit 6.  Ms. Rodriguez served a subpoena on Dr.
Simonetti, who resides in Puerto Rico, but he did not comply.  Ms. Rodriguez
requested and was granted authorization to have the U.S. Marshall assist in
servicing the subpoena.  Order, issued Oct. 25, 2022.

The parties worked over the next six months to arrange service of the
subpoena.  See, e.g., Joint Status Rep., filed Mar. 16, 2023 and Apr. 26, 2023.  Dr.
Simonetti was served on May 11, 2023.  The transcription of the records was filed
as Exhibit 17 on July 6, 2023.

Respondent filed his Rule 4(c) Report on September 11, 2024.  Respondent
argued that compensation should be denied, as Ms. Rodriguez had not yet offered a
reputable and reliable expert opinion in support of her claim.  The parties held a
status conference to discuss the report, and agreed to begin the process of filing
expert reports.  Order, issued Oct. 4, 2023.

On November 29, 2023, Ms. Rodriguez filed a status report advising that she
had decided not to hire an expert.  Ms. Rodriguez filed a Joint Stipulation for
Voluntary Dismissal on December 19, 2023.  A status conference was held on
January 9, 2024 to discuss the case.  Ms. Rodriguez explained that she was having
difficulties retaining an expert, but decided that she would like to consult a
different expert to determine whether she should continue to pursue her claim.  A
deadline of 60 days was set for Ms. Rodriguez's expert report.

Ms. Rodriguez consulted other experts; one agreed to write the report, but
required additional time due to his congested schedule.  Ms. Rodriguez requested
and was granted an additional 60 days, until May 13, 2024, for her report.  Order,
issued Mar. 11, 2024.  Ms. Rodriguez then requested and was granted an extension

to the end of July for her report, as her expert notified her that he required additional time. Order, issued May 13, 2024.

On July 31, 2024, Ms. Rodriguez requested a few additional days to determine how to proceed. She reported that she had been unable to get in contact with the expert, and now planned to consult a different expert to see if he could provide a report. On August 2, Ms. Rodriguez moved to dismiss her case, stating that an "investigation into the facts and science supporting her case has demonstrated to [her] that she will be unable to prove that she is entitled to compensation in the Vaccine Program."

## II.  <u>Analysis</u>

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. <u>See</u> §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Rodriguez filed medical records to support her claim. Nonetheless, Ms. Rodriguez wishes to have her claim dismissed and judgment entered against her. Given Ms. Rodriguez's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Ms. Rodriguez did not provide an expert report to support her claim that the flu vaccine caused her acute myocardial infarction. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master